UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,
          Plaintiff,

v.                                        1:09-cr-00311-MCA

**PATRICIA GREEN**,
          Defendant.

## **ORDER**

**THIS MATTER** is before the Court on the Government's motion for remand into custody under 18 U.S.C. § 3143, which motion followed the jury's return of a guilty verdict on Count 2 of the Superseding Indictment. The jury returned its verdict on May 31, 2011. Having fully considered the pleadings of record, the applicable law, the evidence and arguments of counsel presented on the record, and having staffed the matter with the Chief United States Probation Officer and a Pretrial Services Officer, and otherwise being fully advised in the premises, the Court determines that Defendant should be remanded into custody.

Subject to some exceptions, Section 3143(a) requires this Court to remand a defendant into custody if that defendant has been convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . See § 3143(a)(2); 18 U.S.C. § 3142(C). The Court need not remand Defendant, however, if the Court finds (1) that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person" and (2) by

"clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  Section 3143(a)(2).  With regard to the Section 3143(a)(2) exceptions, the Court finds the following:

1. There is no substantial likelihood that a motion for acquittal or a new trial will be granted.

2. The Government has not represented that it will recommend that no sentence of imprisonment be imposed.

3. Defendant is not a flight risk

4. Defendant exercised extremely poor judgment in the manner in which she dealt with Agent Caroland (the undercover officer) and with respect to her ultimate issuance to him of a prescription for Methadone.  The evidence at trial established that Defendant displayed extremely poor medical judgment in evaluating Agent Caroland's need for medical treatment and medication.

5. Defendant's medical license remains active and current.

6. Defendant represented that her medical practice has been voluntarily shut down, or is shutting down, but the details of her current treatment of patients are obscured.

5. Defendant's demonstrated poor judgment, together with her active and current medical license, poses a danger to the community.

6. Defendant, up to this time, has been compliant with her conditions of release.

Based on these findings, release pending sentencing under Section 3143(a)(2) is not appropriate.

"Alternatively, [Defendant] could obtain release under 18 U.S.C. § 3145(c)."

United States v. Kinslow, 105 F.3d 555, 557 (10th Cir. 1997).  That section states that if a defendant is subject to detention under Section 3143(a)(2), that defendant may be released if the Court finds by clear and convincing evidence (1) that he is not likely to flee and that he does not pose a danger to the safety of any other person or community if released.  Section 3145(c); see § 3143(a)(1).  The Defendant must also clearly show that "there are exceptional reasons why [his] detention would not be appropriate."  § 3145(c).

The Court has already found that Defendant is not a flight risk and that Defendant's poor judgment, in combination with her active medical license, poses a threat to the community.  The finding of dangerousness is alone sufficient to justify remand.  Nevertheless, even without the Court's finding regarding Defendant's dangerousness, release under Section 3145(c) is not appropriate because Defendant has failed to demonstrate exceptional circumstances.

The totality of the circumstances that attend Defendant fail to demonstrate exceptional circumstances.  See United States v. Garcia, 340 F.3d 1013, 1018 (9th Cir. 2003) (stating that a "wide range of factors may bear upon the analysis" under Section 3145(c)); United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991) (explaining that "case by case evaluation is essential" to determine whether exceptional reasons exist under Section 3145(c)).  "[E]xceptional means clearly out of the ordinary, uncommon, or rare."  United States v. Mutte, 383 Fed.Appx. 716, 718 (10th Cir. 2010) (alteration in original) (internal quotation marks and citation omitted).  Our Circuit has defined the question for this Court as "whether, due to any truly unusual factors or combination of

factors . . . it would be unreasonable to incarcerate the defendant. . . ." Id. (internal quotation marks and citation omitted).

At the May 31, 2011, hearing, Defendant proffered that detention was inappropriate because she lacks criminal history, because her first trial resulted in a mistrial, and because she has been compliant with her conditions of release.  Defendant further expressed a fear for her personal safety should she be remanded into custody, but provided no basis to substantiate a threat to her person.  These circumstances, in their totality are insufficiently exceptional to warrant release under Section 3145(c).  See Mutte, 383 Fed.Appx. at 718 (citing United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991) (referring to "a unique combination of circumstances giving rise to situations that are out of the ordinary").

**IT IS THEREFORE ORDERED** that for these reasons, and the reasons stated on the record at the May 31, 2011 hearing on the matter, the Court remands Defendant into custody, pending sentencing.

**SO ORDERED** this 1st day of June, 2011, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge