IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      CR 09-0311 WJ/WPL

PATRICIA JOSEPHINE GREEN, M.D.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DETERMINE CONFLICTS OF
U.S. ATTORNEYS AND FOR APPROPRIATE REMEDIES**

    THIS MATTER comes before the Court upon Defendant's Motion to Determine Conflicts of U.S. Attorneys and for Appropriate Remedies, filed December 7, 2012 (**Doc. 350**). This motion is denied.  The motion is a thinly veiled attempt to ignore the Court's previous ruling which precludes Defendant from either deposing Government counsel or calling Government counsel as witnesses at the upcoming evidentiary hearing to determine whether Defendant's former counsel labored under a conflict of interest, and whether Defendant's waiver of that conflict was informed.

    The Court recently ruled that Defendant was prohibited from seeking testimony from Assistant United States Attorneys ("AUSA's").  Doc. 297 at 3.   There is no reason to reiterate the Court's reasons in coming to that conclusion.  In the instant motion, Defendant does not seek to depose AUSA's.  Instead, she cuts to the chase by asking the Court to disqualify AUSA Myers on the basis of statements made by AUSA Meyers two years ago, before Defendant's first trial.  It would seem implausible that the Court, having ruled that AUSA's would not be subject

to depositions, would then allow AUSA Meyers to be disqualified on the basis of theoretical facts assumed by Defendant.

February 28, 2013 will be a time and place for the Court to determine the real conflict issue in this case, and that is whether Defendant's former counsel labored under a conflict of interest such that Defendant's Sixth Amendment right to counsel was violated.    Doc. 360. Moreover, at the February 28, 2013 hearing, AUSA Meyers will be present, not as a witness or disqualified counsel, but as lead counsel for the United States.   Finally the Court notes in passing that there may be some merit in the Government's observation that Defendant's most recent attempts to scatter the forces of the prosecution appear designed to delay final resolution of this case.   The Court will say nothing more on this issue at this time other than to reiterate that the February 28, 2013 hearing is going forward (absent an agreed upon resolution of this case) and Defense counsel are hereby put on notice that the Court is not going to entertain meritless and cumulative motions that do nothing more than waste everyone's time and resources.

Defendant's Motion is DENIED.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE