IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                  09-CR-00311 WJ

PATRICIA JOSEPHINE GREEN, M.D.,

    Defendant.

**ORDER RESCINDING COURT'S ORDER TO SHOW CAUSE (DOC. 405)**
**and**
**ORDER DENYING MOTION FOR LEAVE TO SUBMIT CJA BILLING FOR POST-CONVICTION BRIEFING, POSSIBLE HEARING AND FOR TRANSCRIPT (Doc. 408),**
**and**
**ORDER SETTING ASIDE**
**COURT'S SEALED MEMORANDUM OPINION AND ORDER (DOC. 404)**

THIS MATTER comes before the Court on Defendant's Motion for Leave to Submit CJA Billing for Post-Conviction Briefing, Possible Hearing and for Transcript **(Doc. 408 (Ex Parte)** and also sua sponte regarding (1) the Court's Sealed *Ex Parte* Order to Show Cause (Doc. 405) and (2) the Court's Sealed *Ex Parte* Order Allowing Extension of Time to Respond to Court's Order to Show Cause.

### BACKGROUND

The Court's Order to Show Cause sought counsel's feedback on whether the Court's Sealed *Ex Parte* Memorandum Opinion and Order (Doc. 404, "Fee Order") should be re-filed as a public document. In the Order to Show Cause, the sole question by the Court was whether the Court's Fee Order should be unsealed. The Court's impression, as indicated by the Court's language in the Order, was that the document should be made public because:

> (i) the case is now completely resolved, (ii) the opinion does not contain any information protected by the attorney client or attorney work product privileges, and (iii) compensation paid to Defense Counsel involves the use of public funds, the Court is of the view that its sealed ex parte opinion should be withdrawn and [e-filed] as a public document.

Doc. 405 at 1. The Court allowed defense counsel ten days to respond to the Order. The Court subsequently granted Ms. Neal-Post's request for additional time to respond to the Order to Show Cause so that she could "make a thorough evaluation" of the Court's Order on the issue of unsealing the Fee Order.[1]

Ms. Neal-Post's latest pleading has furnished the Court with sufficient reason to reconsider extending this courtesy to counsel in the first place, and as a result, the Court is rescinding the Order to Show Cause and proceed without Ms. Neal-Post's input. In this pleading, "Motion for Leave to Submit CJA Billing for Post-Conviction Briefing, Possible Hearing and For Transcript Regarding," Doc. 405), Ms. Neal-Post makes several requests, with the overall objective to obtain permission to obtain CJA compensation in responding to the Court's "continued briefing." Doc. 408 (*Ex Parte*) at 3.

## DISCUSSION

While the Court previously allowed Ms. Neal-Post an extension of time in which respond to an issue that was not supposed to be laborious in terms of complexity or time, the Court now finds that counsel has broadened the issue way beyond what the Court intended. Based on Ms. Neal-Post's requests and comments in her motion, the Court is persuaded that the appropriate course at this point is to proceed without counsel's input on the issue, which was initially sought by the Court simply as a matter of courtesy, and not a requirement.

I.      **Reason for Court Rescinding the Order to Show Cause (Doc. 405, Sealed *Ex Parte*)**

---

[1] In her request for an extension of time to respond, Ms. Neal-Post also advised the Court of counsel's joint stipulation as to CJA 20 forms, which the Court acknowledged.   Doc. 407 at 1.

In her motion, Ms. Neal-Post requests leave of Court to obtain the transcript of the hearing September 17, 2013 as an expense under the Criminal Justice Act ("CJA"). The hearing was held to address the Court's areas of concern regarding defense counsel's application for CJA fees.  *See* Docs. 400 & 402.  Why Ms. Neal-Post requires the transcript pertaining to counsel's application for fees is a mystery to the Court, since the Order awarding fees has already been entered (Doc. 404), and the Court's Order to Show Cause sought out counsel's position only on whether the document should be *unsealed*.  The Order did not seek out or invite counsel to launch a collateral attack on the *amount* of the fee award, which has been thoroughly and carefully laid out in the Fee Order. .

Ms. Neal-Post also suggests that, in requesting counsel's feedback on whether Document 404 should be made public, the Court failed to provide counsel with "its facts, reasoning and legal authorities" so that counsel may avoid "briefing the universe of possibility for the unsdiclosed reasoning underlying the Court's conclusions of law" in the Order.  Doc. 408 (ex parte) at 1, n.1.   The relevant "legal authority" for the Court's inquiry regarding sealed CJA pleadings is 18 U.S.C. §3006A(e)(1), which should have been abundantly clear to someone with Ms. Neal-Post's experience and expertise.   However, the statute provides no guidance on whether a specific pleading should be sealed other than for applications for "services necessary for adequate representation."  In entering the Order to Show Cause, the Court meant only to give defense counsel the courtesy of weighing in with their position on the issue.   The Court also notes that, throughout the course of this case, counsel have taken it upon themselves to freely file pleadings as sealed and *ex parte*, and the Court would assume that counsel had a legal basis for doing so.[2]  Thus, it comes somewhat as a surprise to the Court that Ms. Neal-Post would find that

---

[2]  The filing of sealed pleadings is governed by  this Court's CM/ECF Administrative Procedures Manual:
  CM/ECF allows for various levels of restricted access to documents filed with the Court. It is the
  Participant's duty to ensure the appropriate access restriction level for the document being filed

it is incumbent on the Court, and not counsel, to provide her with "legal authority" for the filing of sealed pleadings.

Obviously, counsel has misunderstood the Court's intent, which was certainly not meant to turn a polite request for feedback into a full-blown excuse for further briefing and legal discourse. For these reasons, the Court will RESCIND the Court's Order to Show Cause, and thus retract its invitations for counsel's participation on the issue.

## II.     Analysis

Under 8 U.S.C. §3006A(e)(1):

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

As the Court has previously mentioned, the statute does not provide much direction as to whether the Court's Fee Order should be filed as a public document. Nevertheless, the Court's initial conclusions are still valid. Further, the findings and information set forth in the Fee Order are not "applications" for "investigative, expert, or other services necessary for adequate representation," in which case there is no statutory basis for filing the pleading as sealed or *ex parte*. Finally, while there is no legal precedent on the question, the Court takes judicial notice of the fact that at least two other districts have *published* opinions which discuss applications for fees under the CJA, making it difficult to justify filing the Court's Fee Order under seal and *ex parte. See United States v. Self,* 818 F. Supp. 1442, 1446 (D. Utah 1992); *United States v. Cook,*

---

       and that permission of the Court for the restricted filing has been granted. (Leave of Court is not required to file documents sealed under Fed. R. Civ. P. 5.2(f), Fed. R. Crim. P. 49.1(f), or pursuant to statute.)

Admin. Proc. Man. §9(h)(1)&(2). While 18 U.S.C. §3006A(e)(1) allows for *ex parte* applications for obtaining certain investigative or expert services, it certainly cannot be read to allow the filing of sealed or *ex parte* pleadings merely at the discretion of counsel.

628 F.Supp. 38, 41 (D.Colo.1985) (citations omitted);[3] *see also U.S. v. Coniam,* 574 F.Supp. 615 (D.C.Conn.,1983) (defendant's financial affidavit disclosed nothing which could be conceived of as likely to constitute a disclosure protected by the Fifth Amendment and, therefore, it was not necessary that the defendant's financial affidavit remain sealed).

      The Court has taken a careful look at the Fee Order, and is convinced that there is no reason to file it as sealed or *ex parte.* As the Court has already mentioned, the case has been completely resolved. The Court made several references to some specific billing entries, for example, discussing requests made by counsel for time spent discussing their dissatisfaction with the presiding judge in this case, or requests for reimbursement for work that was duplicative. However, the Court made no reference to any communication which could vaguely be considered privileged communications. Further, even if the case was ongoing, any motions which were identified by the Fee Order have already been filed, and thus there is no tipping of legal strategy of prejudice to Defendant.

      Ms. Neal-Post appears to argue that publication of the Fee Order violates the concept of confidentiality under New Mexico Rule of Professional Conduct 16-106, which requires that counsel "not reveal information related to the representation of a client unless the client gives informed consent." Doc. 406 (*Ex Parte*) at 4. The Court finds reliance on this rule misplaced, since it would require that all applications for attorney fees, including those in civil cases brought under fee-shifting statutes such as 42 U.S.C. §1988, be filed as sealed and *ex parte* pleadings—which would eliminate any possibility of the losing side to make objections to specific fee entries in the fee applications. Therefore, the Court rejects Rule 16-606 as a legal basis for keeping the Fee Order filed under seal.

---

[3] The Court cited these cases in its Fee Order. Doc. 404 at 10.

Finally, Ms. Neal-Post states that this case has been a "substantial financial hardship to the Undersigned" (2-3, Doc. 408), and that continued representation without compensation would be contrary to the statutory language of the CJA which provides for "adequate representation." Ms. Neal-Post cites to that part of the CJA statute which states:

> If at any stage of the proceedings, including an appeal, the United States magistrate [United States magistrate judge] or the court finds that the person is financially unable to pay counsel whom [s]he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate.

18 U.S.C. §3006A(c). The Court finds that Defendant will clearly not be deprived of "adequate representation" without her input on the question of whether to publicly file the Court's Fee Order. Also, because the Court has determined there is no need for further "continued briefing," there is no need to consider the matter of further compensation for Ms. Neal-Post. Counsel has created the proverbial "mountain out of a molehill." For the sake of judicial economy (and out of consideration for taxpayers in this general economy),

**IT IS ORDERED** that the Court's Order to Show Cause (Doc. 405) is hereby RESCINDED;

**IT IS FURTHER ORDERED** that Ms. Neal-Post's Motion for Leave to Submit CJA Billing for Post-Conviction Briefing, Possible Hearing and for Transcript (Doc. 408) is hereby DENIED for reasons described in this Memorandum Opinion and Order; and

**IT IS FINALLY ORDERED** that the Court's Sealed Memorandum Opinion and Order (Doc. 404) is hereby SET ASIDE. The Court shall file a Memorandum Opinion and Order addressing counsel's CJA fee application with modifications, none of which will substantively affect the amount of the fee award.

_____
UNITED STATES DISTRICT JUDGE